## 28604. MOON *v.* DANIEL.

DECIDED FEBRUARY 11, 1941.

*C. E. Kay,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.

BROYLES, C. J. On March 6, 1940, Anne Maupin Daniel (hereinafter referred to as plaintiff) instituted dispossessory warrant proceedings against C. M. Moon (hereinafter called defendant) in the civil court of Fulton County. The subject-matter of the proceedings was a "storehouse and premises" in the City of Atlanta. The dispossessory affidavit was based on two grounds: first, that defendant, the alleged tenant, was holding the property over and beyond his term; and, second, that he failed to pay the rent when it was due. The defendant duly filed his counter-affidavit denying the foregoing averments and gave the required bond. The trial judge, sitting without a jury, considered the evidence adduced by both parties and rendered a judgment awarding the possession of the property in question to the plaintiff and giving her $54 as double rent from February 1, 1940, to April 4, 1940. The defendant's

motion for new trial was overruled and he excepted to that judgment. The appellate division of the court affirmed the judgment of the trial judge, and that judgment was excepted to.

It appears from the brief of evidence that in September, 1934, plaintiff and defendant entered into a written contract, under seal, whereby the former leased to the latter the premises in dispute. This contract provides that "said lessee does hereby covenant and agree to pay to the lessor, or his assigns, as rent for said premises, . . $10 per month, in advance on the first day of each month, such rent to begin October 1, 1934;" that "both parties to this agreement agree that should either party desire to cancel this lease, he shall have that right at any time upon giving the other party hereto thirty days written notice of his intention to do so;" and that in the event of the cancellation of the lease the lessor would "refund to the lessee any unearned rent that may have been paid him by the lessee." On February 3, 1940, the plaintiff gave the defendant the following written notice to vacate the premises: "In accordance with the terms of our contract, this is to give you thirty days notice that I wish to rent my lot, 60 Baker Street, N. W., to another party. This new lease is to start March 3, 1940. Our business has been most pleasant since you have been renting from me, and I dislike having to ask you to find another place for your store, but I have a lessor for the entire lot on a long lease. I hope that you will get a lot that you like as well and that your business will continue to do well."

The plaintiff testified in part that she owned the premises in dispute and leased them to the defendant in the fall of 1934; that she personally collected all the rents paid by the defendant and gave him a receipt for each sum collected; that the rent had been paid up to February 1, 1940; that defendant had not paid or offered to pay the rent for February, which "ordinarily he would have paid . . not later than March 1;" that defendant paid $10 per month until August, 1937, "when by mutual agreement the rent was increased to $12.50 per month;" that "Mr. Moon has paid $12.50 per month since that time to February 1, 1940, on which date he paid January rent as per these receipt stubs;" that, on February 3, 1940, she personally delivered to the defendant the "written notice for possession of the premises;" that at that time she told defendant that she had already agreed to rent the lot to another party and he

would have to move, and that the new lease started March 3, 1940, and that she could not extend the time for him beyond thirty days; that the only change made in the contract was raising the rent from $10 to $12.50 per month; and that the rent for February, March, and April, 1940, was still unpaid. In no instance was the rent paid in advance as the lease contract provided, and the last payment of rent was for the month of January, 1940. The defendant testified: "I remember the conversation on the occasion of raising the rent. Mrs. Daniel wanted $15, and I refused. A few days later I agreed to pay $12.50 a month, provided she would let it apply as rent under our lease contract at the rate agreed on in the contract. I mean by that I agreed to give her $12.50 a month if she would let it go as additional rent paid under our lease contract. She agreed to do that and I have paid her $12.50 a month since July 1, 1937. I am standing on the lease contract which I contend is of force now, except that I pay $2.50 more per month than called for in the original lease."

Counsel for the defendant contend in their brief that the letter of February 3, 1940, "was only a statement that the premises had been leased to another party and contained no request or demand for possession of the premises." That letter appears to have been written by the plaintiff and is hardly such a notice as a lawyer would have prepared. However, we think that it sufficiently shows that the plaintiff was politely demanding possession of the premises under the express terms of the lease contract. Counsel also contend that, since the notice to vacate is dated February 3, 1940, and states that the "new lease is to start March 3, 1940," the plaintiff was demanding possession at a time less than thirty days from the time the notice was given, and that there was no full thirty days written notice as the lease contract required. We do not think that the fact that the notice referred to a new lease to another party and stated that it was to begin a few days before the expiration of thirty days from the time such notice was given had the effect of invalidating the notice. The material point is that the notice to vacate was given the defendant on February 3, 1940, and the dispossessory proceedings were not commenced until March 6, 1940, more than thirty days from the time such notice was given. In short, we think that the written demand for the possession of the premises complies with the requirements of the lease contract upon

which both parties were relying, and with the law. Furthermore, we are of the opinion that the evidence supports the averment in the dispossessory affidavit that the defendant was holding over beyond his term, and the award of double rent. The cases cited in behalf of the defendant are differentiated by their facts from this case, and none of them militates against the affirmance of the judgment of the court below.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*